E-FILED

Thursday, 12 November, 2009  03:41:34 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER, )
)
        Petitioner, )
)
    v. )    Case No. 09-1296
)
GUY D. PIERCE,  Warden, )
)
        Respondent. )

# O R D E R

This matter is before the Court on Petitioner, Anthony Fletcher's ("Fletcher"), Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Motion for Direct Ruling on Petition, and Motions for Docket Entry and Hearing Schedule.  For the reasons set forth below, the Petition [#1] is DISMISSED WITHOUT PREJUDICE as premature, and all other pending motions [#3, #4, and #5] are MOOT.

### Factual Background

Fletcher was convicted of two counts of child pornography and aggravated criminal sexual abuse in the Circuit Court of McLean County, Illinois.  He is currently serving his 29-year sentence in the Pontiac Correctional Center in Pontiac, Illinois.

On October 29, 2007, Fletcher filed a Notice of Appeal to the Illinois Appellate Court, Fourth District.  This appeal remains pending.  Unsatisfied with the pace at which his direct appeal is proceeding, Fletcher now asks the Court to excuse the requirement that he first exhaust available state court remedies and proceed to grant him federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This Order follows.

**Discussion**

Before considering the merits of a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, a district court must consider whether the petitioner has exhausted all available state remedies. If the answer to this question is "no," the petition is barred for failure to exhaust state remedies. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 112 S.Ct. 387 (1991); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1648 (1989). In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell, 939 F.2d at 410; Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998), rev'd on other grounds, O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1730 (1999) (a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

- 2 -

In the case at bar, it is clear that Fletcher has failed to exhaust his available state law remedies because his direct appeal is currently pending in the Illinois Appellate Court. He also represents that a Motion to Alter or Amend Judgment and a Petition for Writ of Habeas Corpus are pending before the Circuit Court of McLean County.  Nevertheless, Fletcher asks the Court to waive the exhaustion requirement pursuant to § 2254(b), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . .there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(B).

A substantial portion of the Petition involves his disagreement with the fact that his state court appeal is not proceeding as expeditiously as he would like.  Initially, it would appear that his appeal was delayed during the pendency of his federal prosecution.  More recently, communications from his counsel indicate that delay has been caused by an inability to locate pertinent trial exhibits, as well as counsel's need to pursue motions practice in his pending federal appeal.  However, the record indicates that as of late September, the exhibits have been located, the motion's practice has been resolved, and counsel should be able to proceed with the preparation of the appellate brief.

As the state appellate process is in fact proceeding, albeit more slowly than would normally be expected, the Court cannot find that the delay has been inordinate or that the process is ineffective to protect Fletcher's rights.  Thus, Fletcher is improperly trying to obtain federal review without having first afforded the state courts with a full and fair opportunity to review his claims, and his Petition must be dismissed as premature.  Should

the state court appeal not move forward with the filing of his appellate brief within the next 90 days, Fletcher's argument regarding the delay will become more persuasive and possibly warrant relief.

## Conclusion

For the reasons set forth above, Fletcher's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED WITHOUT PREJUDICE for failure to exhaust, and all other pending motions [#3, #4, and #5] are MOOT, and this case is now TERMINATED.

ENTERED this 12th day of November, 2009.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 4 -